IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GARCIA, JR.,<br><br>        **Plaintiff**,<br><br>v.<br><br>OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, SAXON MORTGAGE SERVICES, INC., and DOES 1 through 50, inclusive,<br><br>        **Defendants.** | CV F 08-1879 AWI SMS<br><br>NOTICE OF CONTINUANCE OF DECISION ON DEFENDANTS' MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION |

      This is an action for damages, injunctive and declaratory relief, rescission and quiet title by plaintiff Ruben Garcia ("Garcia") against defendants Old Republic Default Management Services ("Old Republic"), a default mortgage trustee, and Saxon Mortgage Services, Inc. ("Saxon"), a mortgage servicing company (collectively, "Defendants"). Concurrently with the filing of this action, Garcia filed a notice of pendency of action (hereinafter, "lis pendens") in the chain of title of property formerly owned by Garcia that was the subject of a non-judicial foreclosure. Currently pending before the court are a motion to dismiss the complaint as to Saxon and a motion to expunge the notice of lis pendens. The motion to expunge was taken under submission as of February 2, 2009. Defendants' motion to dismiss the First Amended Complaint is currently set for hearing on March 2, 2009. For the reasons that follow, the court will hold its decision on Defendants' motion to expunge the lis pendens in abeyance until it

announces its decision on Defendants' motion to dismiss.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action was removed from the Superior Court of Tulare County by Saxon on December 4, 2008. On December 10, 2008, Saxon filed a motion to dismiss the complaint. The motion to expunge the notice of lis pendens was filed on December 16, 2008. Garcia filed no opposition to Saxon's motions, but filed a First Amended Complaint ("FAC") on January 8, 2009. Saxon filed a motion to dismiss the FAC on January 23, 2009. Garcia's opposition to Saxon's motion to dismiss has not been filed as of this writing and Garcia did not file a timely opposition to the motion to expunge the lis pendens.

The FAC alleges a total of eight claims for relief. Of significance to the instant motion to expunge notice of lis pendens, Garcia's fifth claim for relief requests that title to the subject property be quieted in his name, the sixth claim for relief request the court declare the foreclosure and any sale of the subject property to be illegal and void, and the seventh claim for relief requests injunction against any effort by Defendants to take possession of the subject property and directing Defendants to transfer any title claimed by Defendants to Garcia.

## LEGAL STANDARD

Pursuant to California Code of Civil Procedure § 405.20 "[a] party to an action who asserts a real property claim may record a notice of pendency of action [lis pendens] in which that real property claim is alleged." The purpose if a lis pendens notice is to provide constructive notice of a pending claim that may affect title or right to possession of the real property described in the lis pendens notice. See LaPaglia v. Super. Ct., 215 Cal.App.3d 1322, 1326 (4th Dist. 1989) (abrogated on other grounds by Lewis v. Super. Ct., 19 Cal.4th 1232 (1999)). A lis pendens notice "acts as a cloud against the property, effectively preventing sale or encumbrance until the litigation is resolved or the lis pendens is expunged." Amalgamated Bank v. Super. Ct., 149 Cal.App.4th 1003, 1011 (3rd Dist. 2007). Under California Code of Civil Pprocedure § 405.32, "a court shall order that notice of lis pendens 'be expunged if the court finds that the

claimant has not established by a preponderance if the evidence the probable validity of the real property claim. Becerril v. Recontrust Co., 2008 WL 5450355 at *2 (C.D. Cal. 2008).  In order to prevent abuse by parties seeking to block lawful transfer of property, California enacted changes to its lis pendens law in 1992 that, *inter alia*, require the party *opposing* the expungement of a notice of lis pendens to "make a showing that he is *likely to prevail on the merits*, in much the same fashion as one seeking an attachment must show the probable merit of the underlying lawsuit. (See §§ 481.190, 484.090, subd. (a)(2).)" Amalgamated Bank, 149 Cal.App.4th at 1011 (italics in original).

"Section 405.32 requires trial court judges to 'forecast, at some point before trial, the "probable" outcome in the court trial.' [Citation.]." Becerril, 2008 WL 5450355 at *2.  This determination involves a 2-step analysis that is somewhat akin to the analytical approach in a motion to dismiss.  First, the pleading is examined to determine if it states a claim to real property.  If the answer is affirmative, the court proceeds to determine whether, on the basis of the pleading and facts that are subject to judicial notice, the claim is more probably than not valid.  See Dickey v. Auer, 2006 WL 1409623 at *4 (E.D. Cal. 2006) (likening the court's approach to motion to expunge lis pendens to a state court's approach in demurrer).

**DISCUSSION**

As an initial matter, to the extent Saxon argues they are entitled to a grant of the motion to expunge the notice of lis pendens based on Garcia's failure to oppose the motion, that argument must be rejected inasmuch as the court must look to the currently-operative pleading to determine first whether Garcia has plead a claim to real property.  The fact Garcia filed no opposition means that he would not be able to oppose Saxon's motion to expunge at oral argument.  Local Rule 78-230.  It does not have any bearing on Saxon's ultimate entitlement to have the notice of lis pendens expunged.

Based on the Garcia's prayer to quiet title, and based on the requested declaratory and injunctive relief, there is no doubt the FAC asserts a claim for real property.  Saxon does not

3

argue otherwise. In addition to Saxon's argument regarding Garcia's non-opposition, Saxon's motion for expungement of the notice of lis pendens is based on the improbability of the success of Garcia's claim. In this regard, Saxon makes essentially the same arguments regarding the merits (or lack of same) regarding Garcia's real property claims in their motion to dismiss as in their motion to expunge notice of lis pendens. The court finds it cannot address the substance of the motion to expunge without implicitly addressing the substantial merits of the motion to dismiss. The court is of the opinion its consideration of the motion to dismiss could be prejudiced if it were to proceed on a decision on the motion to expunge first and without full consideration of all materials submitted in support and opposition of the motion to dismiss. This being the case, the court finds the interests of both procedural fairness and the efficient use of the court's limited judicial resources are best served by holding the decision on the motion to expunge in abeyance until all pleadings on Saxon's motion to dismiss have been received and given full consideration. See Becerril, 2008 WL 5450355 at *2 (declining to grant motion to expunge notice of lis pendens until decision is made on merits of motion to dismiss amended complaint).

The court will hold its decision on Saxon's motion to expunge the notice of lis pendens in abeyance until it has reviewed and reached a decision on Saxon's motion to dismiss. The court is mindful of the possibility that defendant parties may be prejudiced if the notice of lis pendens is not expunged timely. The court is also aware that issues pertaining to representation by Plaintiff's counsel may have arisen. The court will proceed to resolve Saxon's motions in as expeditious a manner as possible consistent with the court's duty to afford due process to all parties.

IT IS SO ORDERED.

**Dated:    February 11, 2009**            /s/ Anthony W. Ishii
                                           CHIEF UNITED STATES DISTRICT JUDGE