IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GARCIA, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OLD REPUBLIC DEFAULT ) <br> MANAGEMENT SERVICES, SAXON ) <br> MORTGAGE SERVICES, INC., and ) <br> DOES 1 through 50, inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | CV F 08-1879 AWI SMS <br><br> ORDER DEEMING "NOTICE OF DISASSOCIATION OF COUNSEL" A MOTION FOR WITHDRAWAL AND DENYING SAME <br><br> Doc. # 25 |

This is an action for damages, injunctive and declaratory relief, rescission and quiet title by plaintiff Ruben Garcia ("Garcia") against defendants Old Republic Default Management Services ("Old Republic"), a default mortgage trustee, and Saxon Mortgage Services, Inc. ("Saxon"), a mortgage servicing company (collectively, "Defendants"). The original complaint in this action was filed in Tulare County Superior Court on November 6, 2008, and was signed by Homan Mobasser ("Mobasser") as attorney for the law firm of MW Roth, PLC, (hereinafter, the "Roth law firm") located in Sherman Oaks, California.

The First Amended Complaint was filed on January 8, 2009, and was signed by Jennifer Raphael Komsky ("Komsky"), also representing the Roth Law Firm. On January 29, 2009,

Komsky filed a notice of substitution of counsel pursuant to Local Rule 83-182(b),[1] naming Michael Roth of the Roth law firm as new counsel of record. The notice of substitution informed the court that Komsky was no longer associated with the Roth law firm. On February 11, 2009, the Los Angeles Superior Court issued an interim order assuming jurisdiction over the Roth law firm due to the incapacity of Mr. Roth. The California State Bar took physical possession of all client case files on February 11-12, 2009. The Los Angeles Superior Court formally assumed jurisdiction over the Roth law firm under Cal. Bus. & Prof. Code § 6180.5 on March 27, 2009. The person designated to receive and manage the records of plaintiff's previously represented by the Roth law firm is:

> Rizamari Sitton
> Office of the Chief Trial Counsel
> State Bar of California
> 1149 South Hill Street,
> Los Angeles, California 90015-2299

An examination of the court's docket report in this action indicates Mobasser did not file any notice of substitution or change of address from the time of filing of the original complaint to the present. The court is informed that when Mobasser originally registered in the court's electronic case filing system (CM/ECF), he gave as his address the same Sherman Oaks address as the Roth law firm. Mobasser subsequently re-registered in the system on March 13, 2009, and again on May 22, 2009, both times listing the Woodland Hills address of the law firm of Polk, Prober and Raphael as his address. As of this writing, the court's docket report continues to list Mobasser as "Lead Attorney" and "Attorney to be Noticed."

On May 22, 2009, Mobasser submitted a document titled "Notice of Disassociation of Counsel" (hereinafter, the "Notice"). The Notice states that Mobasser "hereby disassociates as counsel for Plaintiff, RUBEN GARCIA, JR., in [the instant] matter. However, please be advised that Plaintiff RUBEN GARCIA, JR., continues to be represented by MW ROTH, PLC, attorney

---

[1] Local Rule 182(b) permits any person to participate in an action without filing a substitution of attorney where the attorney of record and the attorney appearing for the client work for the same law firm.

2

Mitchell W. Roth, Esq. 13245 Riverside Drive # 320, Sherman Oaks , CA 91423." Defendant Saxon Mortgage Services filed an opposition to Mobasser's Notice on May 25, 2009. At present, there is pending in this court a motion by Defendants to dismiss and a motion for expungement of notice of *lis pendens*. No opposition has been received as to either motion.

From the information currently before it, the court infers two significant facts. First, Mobasser informed the court of his change of address on two occasions without notifying the court that he was no longer lead attorney or attorney to be noticed and without requesting to be relieved from representation. In other words, Mobasser did not file any paper prior to May 22, 2009, that the court can construe as evidence of an intent to withdraw from representation of Plaintiff in this action. Second, Mobasser is apparently unaware that his former employer, the Roth law firm, ceased to exist for purposes of client representation as of March 27, 2009, at the latest – two months before Mobasser noticed his "disassociation" from this action.

Local Rule 83-182(d) limits an attorney's ability to disassociate himself or herself from the representation of a client by providing as follows:

> **(d)  Withdrawal**. Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

The Roth law firm – the firm to which Mobasser's Notice entrusts Plaintiff's representation – no longer exists for purposes of client representation and the State Bar-appointed receiver of the firm's records and files is not responsible for the representation of any of the firm's former clients. The court therefore finds that Mobasser's proposed disassociation from Plaintiff is the functional equivalent of a "withdrawal leaving the client *in propria persona*" thereby bringing Mobasser within the ambit of Local Rule 83-182(d). The court agrees with

3

defendant Saxon Mortgage Services' contention that Mobasser's Notice is in violation of Local Rule 83-182(d) and therefore cannot be given effect.

Given the logistic problems that have been caused by the meltdown of the Roth law firm and the corresponding burdens that have been placed on the courts and the California Bar, this court is not inclined to add to the problem by lightly granting permission for withdrawal of counsel in those few cases were the obligation of continuing representation may be held to still exist. While the court does not rule out the possibility that Mobasser is be seeking to disassociate himself from representation for valid reasons, the formalities of Local Rule 83-182 are important and will be strictly enforced.

THEREFORE, for the reasons discussed above, Mobasser's "Notice of Disassociation of Counsel" is hereby deemed a motion for withdrawal pursuant to Local Rule 83-182 and is hereby DENIED for the reasons discussed. Any further motion for withdrawal of representation shall be filed and served in conformity with the requirements of Local Rule 83-182 not later than twenty-one (21) days from the date of service of this order. Alternatively, if no further motion for withdrawal of counsel is to be filed, Mobasser shall file and serve a notice of intent to oppose or not oppose the pending motion to dismiss and the pending motion for expungement of notice of *lis pendens*; such notice to be served within twenty-one (21) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:   July 9, 2009**               /s/ **Anthony W. Ishii**
                                        CHIEF UNITED STATES DISTRICT JUDGE