IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GARCIA, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>OLD REPUBLIC DEFAULT<br>MANAGEMENT SERVICES, SAXON<br>MORTGAGE SERVICES, INC., and<br>DOES 1 through 50, inclusive,<br><br>  Defendants. | CV F 08-1879 AWI SMS<br><br>ORDER DISMISSING ACTION<br>FOR FAILURE TO<br>PROSECUTE AND DENYING<br>MOTION TO DISMISS AND<br>MOTION TO BE RELIEVED<br>AS COUNSEL AS MOOT<br><br>Doc. # 33 |

This is an action for damages, injunctive and declaratory relief, rescission and quiet title by plaintiff Ruben Garcia ("Garcia") against defendants Old Republic Default Management Services ("Old Republic"), a default mortgage trustee, and Saxon Mortgage Services, Inc. ("Saxon"), a mortgage servicing company (collectively, "Defendants"). Concurrently with the filing of this action, Garcia filed a notice of pendency of action (hereinafter, "lis pendens") in the chain of title of property formerly owned by Garcia that was the subject of a non-judicial foreclosure. The currently operative pleading is the First Amended Complaint ("FAC"), filed on January 8, 2009. Pending before the court since December 16, 2008, is a motion to expunge the notice of lis pendens and, since January 23, 2009, a motion to dismiss the FAC. More recently, defendant Saxon has filed a motion to dismiss on the ground Garcia had abandoned the case. For the reasons that follow, the court will grant Saxon's motion to dismiss on the ground of failure to

prosecute thereby mooting the other pending motions.

    Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, courts have broad authority to dismiss an action "on terms the court considers proper."  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  Link v. Wabash R.R. Co., 370 U.S. 626, 632 (1962).  Generally, in applying the sanction of dismissal for failure to prosecute, the court considers: (1) "the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  To dismiss for failure to prosecute, each of the five factors need not be present.  Oliva v. Sullivan, 958 F.2d 272, 275 (9th Cir. 1992).  (Sneed, J. Dissenting).  In addition, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."  Link. 370 U.S. at 633.

    The court notes that there has been no participation by Plaintiff in this case since the filing of the FAC in January of 2009.  Under circumstances slightly different that those evident in this case, the court has ordered the Office of the Chief Trial Counsel for the State Bar of California added to the to the service list so that arrangements can be made for some continuity of counsel following the cessation of practice of the Roth Law Firm.  In the present case, the court ordered Homan Mobasser, who was listed as Plaintiff's attorney to be notified on the court's docket report, to contact Plaintiff in conjunction with Mobasser's motion to be relieved as Plaintiff's counsel.  Mobasser submitted a declaration in response to the court's order in which he stated that the Roth Law Firm had sent correspondence to Plaintiff on January 29, 2009, and Mobasser had sent correspondence to Plaintiff on February 4, 2009.  In both cases the correspondence was sent to Plaintiff's last known address and in both cases there was no response by Plaintiff.

  Based on Mobasser's representations to the court, the court finds that any effort to secure continuity of counsel through the Office of the Chief Trial Counsel is unlikely to be successful. The court further finds that Saxon will be prejudiced by the consumption of more time in an effort to assure adequate representation for Plaintiff where there is no indication that Plaintiff will be located or that he has any interest in the continuation of this action.  Given the court's need to manage a heavy case load and given that there appears to be no alternative that would further the resolution of this action, the court finds that the consideration of all relevant factors weighs in favor of dismissal for failure to prosecute.

  Recognizing the possibility that Plaintiff may, in fact, be uninformed as to the fate of both the Roth Law Firm and his case, the court will dismiss the action in its entirety without prejudice. The court will order the case administratively closed.  Because the court is dismissing the case and ordering the case administratively closed, Mobasser's motion to be relieved as counsel and Saxon's motion to dismiss the action in its merits will be denied as moot.

  THEREFORE, for the reasons discussed, Plaintiff's First Amended Complaint is hereby ORDERED DISMISSED in its entirety as to all Defendants.  Such dismissal is without prejudice.  Saxon's motion to dismiss the FAC, Docket # 16, and Mobasser's motion to withdraw as attorney, Docket # 29, are both DENIED as MOOT.   The Clerk of the Court Shall CLOSE THE CASE.  In the event Saxon may determine that further order of the court is necessary to expunge the notice of lis pendens, Saxon shall submit a proposed order for that purpose.

IT IS SO ORDERED.

**Dated: September 18, 2009**     **/s/ Anthony W. Ishii**
                  CHIEF UNITED STATES DISTRICT JUDGE